UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**AMERICAN PUBLIC DEFENSE, INC.**, an Illinois corporation; and **LEWIS BROWN**, an individual,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 1:23-cv-14317<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA" or "Act"), Plaintiff, **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), brings this action to enjoin and restrain Defendants **AMERICAN PUBLIC DEFENSE, INC.**, an Illinois corporation ("American Public"), and **LEWIS BROWN** ("Brown"), an individual (collectively, "Defendants"), from violating Sections 206, 207, 211, 215(a)(2), and 215(a)(5) of the FLSA, and to recover unpaid compensation, plus an equal amount in liquidated damages pursuant to Section 216(c) of the Act (29 U.S.C. § 216(c)) for Defendants' employees.

The Acting Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Acting Secretary's investigation reviewed Defendants' employment and pay practices from June 1, 2020, through December 18, 2022 (the

1

"Investigation Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.[1]

## Jurisdiction and Venue

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

## Defendants

3. Defendant American Public is a corporation within this Court's jurisdiction with an office at 9453 S. Ashland Avenue, Chicago, Illinois 60620, where it conducts business.

4. Defendant American Public provides armed and unarmed security guards for commercial clients and engages in the performance of related types of activities in Chicago, Illinois, and its suburbs.

5. Defendant Brown has actively managed and supervised American Public's operations and its employees during the Investigation Period. Among other things, Brown hired and fired employees, set their work schedules, and set their pay rates.

6. Defendant Brown has acted directly or indirectly in American Public's interests with respect to its employee and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

7. During the Investigation Period, Defendants engaged in business within Cook County, within this Court's jurisdiction.

---

[1] If Defendants continued to violate the FLSA after the Investigation Period, then the allegations and conditions of pay and employment disclosed are incorporated herein by reference and Defendants may owe additional back wages and liquidated damages to employees.

**The FLSA Applies to Defendants**

8. American Public is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

9. American Public is an "enterprise engaged in commerce" under the FLSA because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

**Misclassification of Security Guards as Independent Contractors**

10. As a matter of economic reality, Defendant's security guards were misclassified as independent contractors when, in fact, they were economically dependent upon American Public and were not in business for themselves because, among other things:

 a. Defendants controlled the terms and conditions of the security guards' work. For example:

 i. Defendants approved security guards' timesheets in order for them to be paid;

 ii. Defendants assigned security guards' work schedules;

 iii. Defendants provided training and set guidelines for performing work;

 iv. Defendants deducted fines from security guards' wages for taking breaks; arriving late to work; missing a day of work; the cost of uniforms; requesting time off; or not providing 2-week resignation notice.

      v. Defendants controlled where security guards were assigned to work.

    b. Defendants set security guards' rate of pay without any negotiation.

    c. The security guards did not make any financial investment for equipment or materials to do their work.

    d. The security guards performed work integral to Defendants' business.

    e. The security guards often worked exclusively for Defendants.

    f. The security guards lacked any opportunity for profit or loss.

    g. The security guards performed work requiring limited skill and initiative.

    h. The security guards were reliant on Defendants for job placement.

    i. No security guards held themselves out as a separate business entity, advertised services, or carried liability insurance beyond that provided by Defendants.

11. Accordingly, the workers are American Public's employees under the FLSA.

## FLSA Violations

12. Defendants repeatedly violated the provisions of sections 206 and 215(a)(2) of the FLSA when they failed to pay their employees at least $7.25 per hour. In certain workweeks Defendants failed to pay wages at all or deducted from security guards' wages for uniforms and company-imposed rules, resulting in hourly rates of less than $7.25 per hour. 29 U.S.C. §§ 206(a)(1), 215(a)(2).

13. Defendants repeatedly violated Sections 207 and 215(a)(2) of the FLSA when

they failed to pay their security guards one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek. Defendants paid the security guards regular rates for all hours worked. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

14. Defendants repeatedly violated Sections 211 and 215(a)(5) of the FLSA when they failed to keep and preserve complete and accurate records. Specifically, Defendants failed to keep and preserve weekly payroll records, records of hours worked over 40 in a workweek, and records of payments at one-and-one-half times their regular rates for hours worked over 40 in a workweek. 29 U.S.C. §§ 211, 215(a)(5); 29 C.F.R. Part 516.

15. Moreover, Defendants repeatedly and willfully violated 206 and 215(a)(2) of the FLSA because Defendants knew or showed reckless disregard for whether the FLSA prohibited their conduct.

16. Specifically, Defendants acted willfully when they had notice about the FLSA's requirements because they were both the subjects of two prior Wage and Hour Division investigations and agreed to pay minimum wages owed as a result of those earlier violations. They also assured the Acting Secretary that they would comply with the FLSA in the future.

17. Moreover, Defendants repeatedly and willfully violated 207 and 215(a)(2) of the FLSA because Defendants knew or showed reckless disregard for whether the FLSA prohibited their conduct.

18. Specifically, Defendants acted willfully when they had notice about the FLSA's requirements because they were both the subjects of two prior Wage and Hour Division investigations and agreed to pay overtime wages owed as a result of those earlier violations. Defendants also assured the Acting Secretary that they would comply with the FLSA in the future.

*Remedies Sought*

19. As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees.

20. Defendants may also owe additional back wages and liquidated damages during the Investigation Period to employees whose identities are presently unknown to the Acting Secretary.

21. Because Defendants repeatedly and willfully violated the FLSA, the Acting Secretary is entitled to recover back wages and liquidated damages for a three-year period. 29. U.S.C. § 255(a).

**Prayer for Relief**

As a result of Defendants' repeated and willful FLSA violations, the Acting Secretary respectfully requests this Court enter an Order:

A. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 206, 207, 211, 215(a)(2), and 215(a)(5) of the FLSA. 29 U.S.C. § 217(a).

B. Finding Defendants liable for unpaid minimum wage and overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Acting Secretary. 29 U.S.C. § 216(c).

  C. If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Acting Secretary of the Treasury under 26 U.S.C. § 6621.

  D. Providing such other relief as may be necessary and appropriate.

  E. Awarding costs and granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

*/s/Emelda Medrano*
**EMELDA MEDRANO**
U.S. Department of Labor

*/s/Correll Kennedy*
**CORRELL KENNEDY**
U.S. Department of Labor


*Attorneys for Plaintiff Julie A. Su,*
*Acting Secretary of Labor, United States*
*Department of Labor*